UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. STEPHEN ENDSLEY,<br><br>          Plaintiff,<br><br>     vs.<br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>          Defendant. | 1:14-CV-00346-LJO-GSA<br><br>**ORDER RE: MOTIONS TO COMPEL**<br><br>(ECF Nos. 19, 20) |

### I.    INTRODUCTION

On March 24, 2015, Defendant Travelers Property Casualty Insurance Company ("Defendant") moved to compel discovery responses against Plaintiffs L. Stephen Endsley ("Plaintiff") and Endsley Kiernan, L.P. (ECF Nos. 19, 20). The Court converted the April 17, 2015 hearing into an informal conference in an attempt to facilitate resolution of the discovery dispute between the parties. (ECF No. 27.) With the Court's guidance, the parties further met and conferred regarding their dispute and were able to resolve some, but not all, of their disagreements. The parties agreed to stipulate to the discovery issues they had resolved, but requested an opportunity to provide supplemental briefing on the remaining issue. The Court granted the request. On May 1, 2015, the parties filed a stipulation in which they resolved all the discovery issues with respect to Endsley Kiernan, L.P. and some of the discovery issues with respect to Plaintiff.[1]

---

[1] Endsley Kiernan, L.P. was the subject of one of Defendant's two motions to compel. The stipulation renders Defendant's second motion to compel (ECF No. 20) moot.

1

Presently before the Court are the sole remaining discovery issues to be resolved between Defendant's two motions to compel. Specifically, Defendant's motion to compel responses to the First Set of Requests for Production of Documents propounded on Plaintiff (ECF No. 19), request numbers 15, 17, 18, 19, and 20. Both parties have submitted supplemental briefing on the issues and the Court has determined that this matter is suitable for decision without further oral argument pursuant to Local Rule 230(g). Based on a review of the pleadings, the Court GRANTS Defendant's Motion to Compel.

## II. BACKGROUND

This case arises out of damaged property and the ensuing reimbursement (or lack thereof) for the damages. Plaintiff, as a partner of Endsley Kiernan, L.P., owns a series of residential properties in Modesto, California, "which Plaintiff rents out to third-parties." (Complaint ¶ 3, ECF No. 1.) Plaintiff retained a home insurance policy with Defendant to cover damages to the properties. (Complaint ¶ 6.) Plaintiff was the named insured on the policy. (Answer, Exh. A, ECF No. 1.)

In 2011, the property was burglarized and severely damaged. As a result, the property could not be rented out without extensive repairs and "Plaintiff . . . suffered losses in the form of extensive damages to the Property and loss of rental income." (Complaint ¶ 11.) Plaintiff, as the insured, filed a claim with Defendant. (Complaint ¶ 12.) Defendant eventually agreed to provide reimbursement for repairs, but only paid Plaintiff $497.38. Plaintiff now alleges a breach of contract and asserts consequential damages in the form of a "loss of rental income." (Complaint ¶ 20.) Essentially, Plaintiff claims that he was unable to make repairs without payment from Defendant and was thus unable to rent the properties out to others for some time. In its answer to the Complaint, Defendant asserts that Plaintiff "failed to exercise reasonable care and diligence to mitigate his alleged damages." (Answer ¶ 8, ECF No. 1.)

At issue are five requests for production that Defendant served on Plaintiff:

- **RFP No. 15**: All tax returns, federal and state, filed by YOU, including all schedules, attachments, worksheets and/or other DOCUMENTS filed with the tax returns, for the time period between January 1, 2010 and the PRESENT;
- **RFP No. 17**: Any and all 1099 forms issued to YOU for the time period between January 1, 2010 and the PRESENT;

2

- **RFP No. 18**: All DOCUMENTS EVIDENCING YOUR financial condition, including but not limited to lines of credit accounts, loans, ledgers, loan and/or credit applications and account statements, between January 1, 2010 and the PRESENT;

- **RFP No. 19**: All DOCUMENTS EVIDENCING any bank account, savings and loan accounts, checking accounts, credit cards, investing accounts, and similar statements in YOUR name between January 1, 2010 and the PRESENT;

- **RFP No. 20**: All DOCUMENTS EVIDENCING any weekly, monthly, quarterly or annual balance sheets between January 1, 2010 an the PRESENT for any business entity owned or operated by YOU, including but not limited to corporations, limited liability companies, limited partnerships, general partnerships, limited liability partnerships, sole proprietorships and fictitious business names.

Plaintiff contends that Defendant is not entitled to these documents because: (1) they are not relevant; (2) they are protected by "tax privilege"; and (3) they are protected by the right to financial privacy.

### III.    DISCUSSION

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order "compelling disclosure or discovery" when a responding party has failed to respond to discovery or has provided evasive or incomplete responses. The scope of permissible discovery is intentionally broad and can include "any nonprivileged matter that is relevant to any party's claim or defense . . . the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Where a plaintiff has alleged a loss of income because of an insurance company's alleged failure to pay within the terms of its policies, a plaintiff's personal financial information is relevant. *Valdez v. Travelers Indemnity Co. of Conn.*, No. 12-04307-SBA (KAW), 2013 WL 3989583, at *4 (N.D. Cal. Aug. 2, 2013) ("By alleging damages that include the 'loss of benefits under the Agricultural Leas . . . and other consequential damages,' Plaintiffs have placed their financial condition at issue, thereby making Plaintiffs' financial statements, tax returns, and requested documents relevant for purposes of discovery").

Plaintiff has claimed that he has lost income because he was unable to repair the damaged

properties after Defendant breached its obligation to cover the cost of the repairs. As a result, he lost rental income for every month that the properties were unable to be rented out. Because he has asserted that he lacked the income to repair the properties himself (and thus mitigate his damages), his financial condition (and thus the requested documents) are relevant to the litigation.[2] *A.P. Moller-Maersk v. Taiwan Glass USA Sales Corp.*, 663 F.Supp.2d 1011, 1017 (D. Or. 2009) ("A nonbreaching party to a contract has a duty to take reasonable steps to mitigate its damages, which might include making reasonable expenditures toward avoiding further damage"); *Valle de Oro Bank v. Gamboa*, 26 Cal.App.4th 1686, 1691 (1994) ("An owner's recovery for deprivation of use of a damaged vehicle is limited to the time reasonably required for making the necessary repairs"). Plaintiff asserts that he "has not cited his personal financial condition as a reason for not making the necessary repairs." (Plaintiff's Further Statement Re: Discovery Disagreement ("Opposition") 7:24-25, ECF No. 31.) But Plaintiff is not the gatekeeper of relevance; discovery may also be relevant if it relates to a defense or other matter at issue in a case. Fed. R. Civ. P. 26(b)(1); *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997) ("information is 'relevant' if it relates to the claim or defense of the party seeking discovery or any other party, or to the credibility of any witness"), *quoting* Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11.21 (1995). Because Plaintiff has alleged he lost income as a result of Defendant's actions and Defendant has raised mitigation of damages as a defense, Plaintiff's ability to mitigate his loss of income (and thus his financial condition) is relevant.

### A. Tax Return Privilege

Plaintiff claims that the financial records sought are protected by the California state privilege against the disclosure of tax returns. (Opposition 8:12-15, *citing Saca v. J.P. Molyneux Sutdio Ltd.*, No. CIV S-06-2818 MCE EFB, 2008 WL 62181, at *2 (E.D. Cal. Jan. 4, 2008).) This privilege "will not be upheld when (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of

---

[2] Plaintiff repeatedly asserts that he is only acting as an agent on behalf of Endsley Kiernan, that he is not seeking damages on his own behalf, and that the fact that he is named as the insured is "merely an oversight." (Opposition 6:22-7:4.) But Plaintiff chose to bring suit in his own capacity, chose to claim damages in the form of lost rental income without any mention of Endsley Kiernan, L.P., and chose to be named as the insured on the insurance policy since at least 2008. The insurance documents attached to the Complaint are devoid of any mention of Endsley Kiernan, L.P. To suggest that Plaintiff is now only incidentally involved in the litigation is disingenuous.

the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved." *Saca*, 2008 WL 62181 at *2, *quoting Weingarten v. Superior Court*, 102 Cal.App.4th 268, 274 (2002).

The tax return privilege does not apply here for three reasons: **First**, Plaintiff never asserted any "tax return privilege" in his initial responses, waiving any privilege he may have had. *Scottsdale Ins. Co. v. Superior Court*, 59 Cal.App.4th 263, 274 (1997) (holding that failure to object on the basis of privilege in initial responses waives that privilege). **Second**, the tax return privilege only protects precisely what it purports to protect: tax returns. But only two of Defendant's document requests ask for Plaintiff's tax returns—the others are aimed more broadly at determining whether (and to what extent) Plaintiff's financial condition allowed him to mitigate his damages. Even if the privilege were to apply, at least three of the RFPs would remain unaffected. **Third**, the privilege is waived "where a plaintiff's complaint places his tax return at issue through an allegation of lost income." *Valdez*, 2013 WL 3989583 at *5; *Wilson v. Superior Court*, 63 Cal.App.3d 825, 830 (1976) (comparing the tax return privilege to the privilege against self-incrimination, where "a plaintiff suing to recover damages for income lost as a result of injury from defendant's negligence could not assert the privilege against self-incrimination as to questions pertaining to the filing of income tax returns").

Plaintiff attempts to distinguish *Valdez* by claiming that the decision is premised entirely on a claim of emotional distress damages, but this interpretation misreads *Valdez*. While allegations of emotional distress *do* render the gravamen of a suit inconsistent with the assertion of the tax return privilege, such allegations are not the *only way* to do so. Allegations of "damages and lost income" can do the same independent of emotional distress allegations.[3] *Id.* ("Plaintiffs' allegations regarding

---

[3] Plaintiff's Further Statement seems to confuse the three different ways a party can relinquish the tax return privilege by focusing solely on the "gravamen" prong of the *Saca/Weingarten* test. Tax returns are not privileged if (1) the privilege is waived; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a greater public policy is involved. *Valdez* held that plaintiffs had intentionally waived the privilege by alleging lost income (without any mention of emotional distress). The *Valdez* court then held that, ***in addition***, the claims of lost income (and emotional distress) would be enough to constitute the "gravamen" of the claims. Either finding would be enough to find that no privilege existed under the *Saca/Weingarten* test. Thus, the tax return privilege would be waived in the present case, even if *Valdez* premised its finding with respect to the "gravamen" prong on the allegations of emotional distress.

For the same reason, Plaintiff's argument that Travelers has conceded a privilege through its correspondence before litigation began does not make sense. No one contests that a tax return privilege exists; the question is solely whether Plaintiff has waived that privilege, either through a failure to object or through his allegations in the Complaint.

5

damages and lost income present a sufficient basis for compelling the production of the tax returns, though the privilege could also be waived since the damages claims constitute the 'gravamen' of Plaintiffs' claim"). Because Plaintiff has asserted his lost rental income as damages, he has waived the tax return privilege.

### B. Right to Financial Privacy

California extends a "zone of privacy" to "prevent disclosure of . . . personal financial information." *Moskowitz v. Superior Court*, 137 Cal.App.3d 313, 316 (1982). Thus, before compelling discovery, a court should consider "the purpose of the information sought, the effect that disclosure will have on the parties and on the trial, the nature of the objections urged by the party resisting disclosure, and ability of the court to make an alternative order which may grant partial disclosure, disclosure in another form, or disclosure only in the event that the party seeking the information undertakes certain specified burdens which appear just under the circumstances." *Fortunato v. Superior Court*, 114 Cal.App.4th 475, 481 (2003). As explained above, the financial information sought is relevant to the litigation in that it will substantiate (or undermine) Defendant's mitigation defense and may substantiate (or undermine) Plaintiff's assertions of lost income. Such information would not necessarily be available elsewhere—Endsley Kiernan, L.P.'s records, for instance, would not be reflective of Plaintiff's ability to mitigate his damages.

An appropriately tailored protective order would be adequate to protect Plaintiff's privacy interests in this instance. Plaintiff argues that a protective order would not be enough because it would still be "fundamentally unsettling" to produce these documents, but many things in the litigation process are "unsettling." It is unsettling to sit for a deposition or answer questions under oath, but mere discomfort does not overwhelm the compelling state interest in "the ascertainment of truth in connection with legal proceedings." *Moskowitz*, 137 Cal.App.3d at 316. Similarly, Plaintiff's argument that executives at Travelers would not be required to product private financial information is a facile comparison: No executive at Travelers has sued Plaintiff or alleged that he or she has lost income as a result of Plaintiff's actions.

Given the (1) significant relevance to the litigation; (2) unavailability of the information from other sources; (3) ability of a protective order to shield Plaintiff's information; and (4) lack of

articulation on Plaintiff's part as to how he is harmed by the disclosure, the Court finds that the significance of the documents to the litigation outweighs Plaintiff's privacy concerns. *R. Prasad Indus. v. Flat Irons Environmental Solutions Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, at *5 (D. Ariz. June 20, 2014).

### C. Scheduling / Request for Sanctions

In its final supplemental briefing, Defendant asks the Court to impose $1,150 in discovery sanctions on Plaintiff because Plaintiff was not "substantially justified in continuing to object to this discovery." A "good faith dispute concerning a discovery question" can constitute substantial justification precluding the award of sanctions under Federal Rule of Civil Procedure 37. *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981). While the Court is disappointed that the parties were unable to adequately resolve this discovery dispute without law and motion work, there are not enough facts to determine that Plaintiff was not operating in good faith in opposing the discovery request. Sanctions are inappropriate here.

The Court observes that the current non-expert discovery deadline in this case is July 1, 2015. As noted by the parties at the informal conference, the necessity of a motion to compel, along with supplemental briefing, has made compliance with this deadline difficult. The Court thus finds it appropriate to modify the current scheduling order and provide an extension to the non-expert discovery cutoff date.

### IV. ORDER

For the reasons set forth above, the Motion to Compel against Plaintiff L. Stephen Endsley (ECF No. 19) is GRANTED and the Motion to Compel against Plaintiff Endsley Kiernan, L.P. (ECF No. 20) is DENIED AS MOOT. Accordingly:

1. The parties are ordered to meet and confer regarding the scope of an appropriate protective order;
2. Plaintiff is ordered to produce the documents requested by the Requests for Production Nos. 15, 17, 18, 19, and 20 in the First Set of Requests for Production of Documents propounded on Plaintiff L. Stephen Endsley to Defendant within 20 days of the entry of an appropriate protective order;
3. Defendant's request for discovery sanctions is DENIED;

7

4. The non-expert discovery cutoff date in this case is extended to August 10, 2015.

IT IS SO ORDERED.

    Dated:   **May 16, 2015**          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE