G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
EDWARD P. MURPHY (State Bar No. 182778)
JENNIFER N. WAHLGREN (State Bar No. 249556)
**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
2000 Powell Street, Suite 900
Emeryville, CA  94608
Telephone:  (510) 740-1500
Facsimile:  (510) 740-1501
E-mail:  erudloff@fgppr.com
         emurphy@fgppr.com
         jwahlgren@fgppr.com

Attorneys for Defendant TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY

KIRIN K. VIRK (State Bar No. 221369)
**DAMRELL, NELSON, SCHRIMP, PALLIOS, PACHER & SILVA**
1601 I Street, Fifth Floor
Modesto, CA 95354
Telephone:  (209) 526-3500
Facsimile:  (209) 526-3534
E-mail:  kvirk@damrell.com

Attorneys for Plaintiffs L. STEPHEN ENDSLEY and ENDSLEY KIERNAN L.P.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| L. STEPHEN ENDSLEY, <br><br> Plaintiff, <br><br> vs. <br><br> TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, <br><br> Defendant. | **Case No. 1:14-CV-00346-LJO-GSA** <br><br> **Related Case: 1:14-CV-00671-LJO-GSA** <br><br> **STIPULATED PROTECTIVE ORDER** |

WHEREAS each of the parties to the above captioned matter (the "Action") submit that certain documents and information sought in connection with discovery in the Action may contain confidential, private, personal or financial information that is not otherwise available to the public ("Confidential Information");

WHEREAS the parties wish to engage in full discovery without impinging on legitimate confidential and private interests;

WHEREAS this Stipulated Protective Order is pursuant to this Court's Order of May 13, 2015, ECF No. 33, concerning a stipulated protective order concerning Plaintiffs' production of attorneys' billing records and production of Endsley Kiernan, L.P.'s tax returns and other financial documents, and this Court's Order dated May 16, 2015, ECF No. 34, concerning the production of Plaintiff L. Stephen Endsley's tax returns and other financial documents;

AND WHEREAS good cause exists for entry of this Stipulation and Protective Order;

IT IS THEREFORE STIPULATED, AGREED AND ORDERED that:

1. This Stipulation and Protective Order governing the production and exchange of confidential information shall apply to all documents, testimony and information designated as "Confidential" by any party to the Action or by any third party providing documents, testimony and/or information in this Action (each of which is deemed to be a "Designating Party").

2. Parties may designate materials "Confidential" by taking the following actions:

    a. With respect to documents, discovery responses or other written materials furnished by the Designating Party in paper, as .tiff images, or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing or otherwise marking or

designating on each page of a document containing Confidential Information the words **"CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER."**

    b.    With respect to Confidential Information furnished by the Designating Party in a non-paper medium, including, without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs, etc., the Designating Party may designate all information therein as "Confidential" by affixing the appropriate legend to the outside of the medium or container.  The individual documents or pages of the documents containing the Confidential Information should also bear the designation "**CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER.**"

3.    With respect to deposition testimony or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as "Confidential" by making a statement on the record to that effect during the deposition or proceeding at issue.  The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits.  The separately bound deposition material shall be marked as **"CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER."**  Alternatively, the Designating Party may, within a reasonable time after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

4.    All Confidential Information subject to this Stipulation and Protective Order shall be used solely and exclusively for purposes of preparation, prosecution, defense or trial of the Action.  Such information shall not be used in or for any other cases, proceedings, disputes or for any commercial, business, competitive or any

other purpose whatsoever and shall not be disclosed, except as otherwise set forth in this Stipulation and Protective Order.  Such information shall not be presumed to be discoverable in other cases, proceedings or disputes, even if relevant, and the burden shall be on the party seeking discovery to establish that access to this information is proper and necessary.

5. Information designated as **"CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER"** pursuant to the terms of this Stipulation and Protective Order shall not be shown to or disclosed in any manner to any person except the following:

   a. counsel of record and in-house counsel for the respective parties to the Action, including partners, associates, paralegals and other employees in the firms that are counsel of record to the extent necessary to perform legal services in connection with the Action;

   b. witnesses or potential witnesses in the Action, provided that they agree to abide by the terms of this Stipulation and Protective Order;

   c. independent consultants or experts retained by the parties to the Action or their counsel of record for consultation and/or testimony in connection with the Action, provided that they agree to abide by the terms of this Stipulation and Protective Order;

   d. current employees of the parties to the Action, to the extent necessary for such employees to assist in the prosecution or defense of the Action, provided that they agree to abide by the terms of this Stipulation and Protective Order;

   e. the Court in which the Action is pending, including court personnel, provided that the parties to the Action seek to limit

further disclosure of the material, as set forth in paragraphs 6 below;

 f. court reporters and videographers whose services are used in connection with the Action;

 g. third parties for the limited purpose of copying documents, providing technical or litigation support services involving the presentation of evidence at a hearing or trial in this action or providing messenger services for documents, to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this action.  Documents in the possession of third parties as provided by this subsection shall be deemed to be in the possession of counsel releasing the documents, who shall remain responsible for assuring compliance with this Stipulation and Protective Order while the documents are in the possession of such third parties; and

 h. any other persons to whom a party to this Stipulation and Order may wish to disclose its own Confidential Information.

 6. No person or entity receiving Confidential Information shall discuss, disseminate, or disclose the Confidential Information to any person or entity not listed above in paragraph 5.  Any person or entity receiving Confidential Information shall take measures available to him or her to ensure that no unauthorized person or entity is able to obtain access to the Confidential Information.  The provisions of this paragraph, however, do not apply to the Court or to Court personnel.  However, no party, person, or entity receiving Confidential Information shall attempt to circumvent the terms of this Order by subpoenaing itself, its firm, or any other person or entity in receipt of an opposing party's Confidential Information.

7. Nothing in this Order affects or limits the use or disclosure of Confidential Information that was lawfully created, possessed, generated, discovered or obtained from sources other than discovery, motion practice or voluntary disclosure in this Action by any party that has been made subject to the terms of this Order, regardless of whether the information has been designated as "**CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER**."

8. A recipient of any Confidential Information that is produced or disclosed pursuant to this Stipulation and corresponding Protective Order shall maintain such Confidential Information in a secure and safe area, and the recipient shall exercise the same standard of due and proper care with respect to the storage, custody, and use of all such Confidential Information as is exercised by the recipient with respect to its own Confidential Information.

9. In the event any party to the Action disagrees with the designation of any discovery materials as "Confidential", counsel shall attempt in good faith to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, it shall be up to the party seeking to contest the designation to move the Court for an order compelling the change of the confidentiality designation. If a party does so move, pending the decision of the Court, the disputed document, testimony or information shall be treated as Confidential Information and subject to the terms of this Stipulation and Protective Order. For purposes of any motion challenging a confidentiality designation, the party designating any discovery materials as "Confidential" shall bear the burden of proving that such discovery materials are properly designated as "Confidential."

10. In the event that Confidential Information is contained in or attached to any pleadings or other papers filed with any court, counsel filing such pleadings or papers shall follow those procedures set forth in United States District Court Eastern District of California Local Rules for lodging and sealing of Confidential portions of

the papers, unless the parties meet and confer and stipulate to follow some other procedure for handling the Confidential Information.

11.  In the event that Confidential Information is used or disclosed at any hearing, any party to this Stipulation and Protective Order shall request that the portion of the hearing where said use is made of Confidential Information shall be *in camera*, or with access limited only to persons described in paragraphs 4 or 5, as applicable, or under such other conditions that will protect the Confidential Information from disclosure, including the sealing of the record.

12.  This Order does not govern or restrict the use of any document or information (including information designated as Confidential Information under this order) at trial in any manner whatsoever.  When and if the Action proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial.  This Order does not affect the right of any party to make any motion or application to the Court to otherwise govern or restrict the use of any document at trial.

13.  The designation of any information, documents, or things as "Confidential" pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Order shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege. The parties to this Order expressly reserve their rights to object to the manner in which Confidential Information may be used in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if any, shall be determined in the future.

**STIPULATED PROTECTIVE ORDER**; Case No. 1:14-CV-00346-LJO-GSA

14. Within thirty (30) days after the conclusion of the Action, whether by settlement or by the entry of a final, non-appealable judgment, all Confidential Information (including all copies thereof and all notes, drafts, memoranda, work papers and any other materials that contain Confidential Information) shall either be destroyed or returned to the producing party, at the election of the party that produced such information, provided, however, that: (a) counsel may retain for its records one copy of all pleadings, papers, exhibits, transcripts, or other filings, so long as any Confidential Information contained therein continues to be protected, as provided in this Consent Stipulation and Protective Order; and (b) any party may retain documents as required by its own recordkeeping or document-retention policies, so long as any Confidential Information contained therein continues to be protected as provided in this Stipulation and Protective Order.  Compliance with this paragraph shall be confirmed in a certification prepared by counsel of record in the Action, which shall be delivered to counsel for the party who produced the Confidential Information not more than thirty-five (35) days after the conclusion of the Action.

15. The inadvertent or unintentional disclosure of any Confidential Information shall not be construed to be a waiver, in whole or in part, of any claims of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.  Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work-product doctrine or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of such privilege or protection, and any person who has received such materials shall either immediately return them to the party that produced the information or, at the election of the producing party, destroy such materials.

16. The provisions of this Stipulation and Protective Order shall survive and remain in full force and effect after settlement of the Action, or the entry of a final non-appealable judgment therein.

-8-
**STIPULATED PROTECTIVE ORDER**; Case No. 1:14-CV-00346-LJO-GSA

17. This Stipulation and Protective Order does not constitute an admission or agreement that any document, testimony or information is admissible as evidence in the Action, and designations of confidentiality shall have no meaning or effect whatsoever with respect to the substantive issues in the lawsuit or the claims or defenses of any party thereto.

18. This Stipulation and Protective Order may be modified only by further Order of the Court.

//

WE HEREBY AGREE AND CONSENT to the terms of this Stipulation and Protective Order:

DATED: **FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**

By: _____

G. Edward Rudloff, Jr.
Edward P. Murphy
Jennifer N. Wahlgren

Attorneys for Defendant TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY

DATED: **DAMRELL NELSON SCHRIMP PALLIOS PACHER & SILVA**

By: _____

Kirin K. Virk

Attorneys for Plaintiffs

-9-
**STIPULATED PROTECTIVE ORDER**; Case No. 1:14-CV-00346-LJO-GSA

## Order

The Court has reviewed the stipulation outlined above and adopts it as a stipulated protective order in this case.[1] To the extent motion practice is required, the parties are advised to review Local Rules 141 and 141.1.

IT IS SO ORDERED.

Dated:  **June 3, 2015**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] A fully executed version of the stipulation is available on the Court's docket as ECF No. 43.